IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KENNETH MCALPINE, #137 495        *

    Plaintiff,                                    *

       v.                                           *          2:10-CV-384-ID
                                                        (WO)
PRISON COMM. RICHARD ALLEN,    *
*et al.*,
    Defendants.                              *

_____

**ORDER**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the court finds that the pleading contains claims that are not related to each other. That is, this action contains claims based on a dispute over medical care and treatment which have occurred at different times and at different correctional facilities throughout Alabama. Plaintiff identifies as Defendants persons both within and outside the jurisdiction of this District.

In light of the foregoing, Plaintiff is ORDERED to file an amended complaint on or before **May 21, 2010**, on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). ***Plaintiff's original complaint shall be superseded by this amended complaint***. That means Plaintiff shall no longer rely on the original complaint. That being said, the claims and defendants in the complaint form should be less numerous than those contained in the original complaint due to the following

pleading requirements. It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim(s) he will proceed in this action.

Accordingly, it is further ORDERED that:

1. Plaintiff file an amended complaint containing one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts. Claims concerning Defendants located at different prisons and/or prisons located in other districts should be brought in other actions filed in the district where the prison is located;[1]

2. In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that individual's participation or involvement in his claim. <u>That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew</u>. If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

3. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant

---

[1] The Bibb County Correctional Facility is located with the jurisdiction of the United States District Court for the Northern District of Alabama. The Fountain Correctional Center is located within the United States District Court for the Southern District of Alabama.

fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead an amended complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send to Plaintiff a form for use in filing a complaint under § 1983.

Done, this 7th day of May 2010.

        /s/ Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE