IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KENNETH MCALPINE, #137 495  *

    Plaintiff,  *

       v.  *  2:10-CV-384-ID
            (WO)
PRISON COMM. RICHARD ALLEN,  *
*et al.*,
    Defendants.  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Plaintiff's amended complaint filed under the provisions of 42 U.S.C. § 1983.[1] Plaintiff is currently confined at the Fountain/JO Davis Correctional Facility and the incident about which complains occurred at this facility. Fountain/JO Davis Correctional Facility is located in Atmore, Alabama, which is within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.

**DISCUSSION**

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1)

---

[1] Upon review of Plaintiff's original complaint filed on May 4, 2010, the court directed Plaintiff to file an amended complaint as set forth therein. The May 4 order further informed Plaintiff that the amended complaint filed in compliance with said order would supercede the original complaint. (*See Doc. No. 4*.)

a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

With the exception of Commissioner Allen, the named defendants are located within the jurisdiction of the Southern District of Alabama. Although Defendant Allen resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defend s suits in all federal courts of this state.  Also, it is clear from the allegations in the complaint that all the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Southern District of Alabama.  Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Southern District of Alabama.  Thus, the court concludes  from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Souther District of Alabama.[2]

In light of the foregoing, the court concludes that in the interest of justice and for the

---

[2]In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

2

convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 8th day of July, 2010.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE